In re GLISSON.

(District Court, S. D. Georgia, W. D. June 23, 1910.)

BANKRUPTCY (§ 396*)—EXEMPTIONS—HOMESTEAD—"DEPENDENT FEMALE."
Civ. Code Ga. 1895, § 5912, provides that there shall be exempt from levy and sale of the property of every head of a family, or person having the care and support of dependent females of any age, who is not the head of a family, realty or personalty, or both, to the value in the aggregate of $1,600. *Held*, that where a bankrupt son lived alone with his mother and provided for her protection, though she was not dependent

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

on him for financial support, he nevertheless cared for a dependent female, and was entitled to the exemption of his homestead.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 396.*

For other definitions, see Words and Phrases, vol. 2, pp. 1991–1993.]

In the matter of bankruptcy proceedings against George W. Glisson. On objection to a referee's decision disallowing a homestead to the bankrupt. Reversed.

Lane & Park, for objecting creditors.

John R. L. Smith and W. P. Wallis, for bankrupt.

SPEER, District Judge (orally). The Constitution of Georgia provides:

"There shall be exempt from levy and sale, by virtue of any process whatever under the laws of this state, except as hereinafter excepted, of the property of every head of a family, or guardian or trustee of a family of minor children, or every aged or infirm person, or person having the care and support of dependent females of any age, who is not the head of a family, realty or personalty, or both, to the value in the aggregate of sixteen hundred dollars." Civ. Code Ga. § 5912.

Now, I may be wrong in this. It is a new question; but we have to decide new questions when they arise. It appears to me that the framers of the Constitution attempted to reward, not only the man who is supporting a dependent person, but a man who is caring for dependent females of any age. Now, can it be denied that in our Southern country a woman of any age who lives in the country needs the constant care of a man? Those who disregard that necessity realize very little of the dangerous condition of society here. It is not always financial dependence that gives a homestead. There is the trustee of a family of minor children. He is entitled to a homestead, whether they are dependent upon him or not. If he is the trustee, he stands in a fiduciary relation toward the minor children. Here in this case the son stands in the same relation to his mother. They live in the same home. There are no other people there. The daughters have married and gone away to their husbands and children. When the shades of evening begin to fall, and the solitude of night environs her lonely home, her condition would be pitiable indeed if it were not for the care of the manly son.

I think it is in contemplation of law that he is entitled to his homestead. It may be said that she is not dependent upon him in a financial sense. He may be the recipient of her bounty. How gladly she gives it to him! And how wretched she would be if protection was forced to be elsewhere! The court thinks that is a benefit which the law gives her, and so far as the action of this court is concerned he is, because of his relations to his mother, held entitled to his homestead. I do not think the referee took the broad, philosophical view of this great social question which he ought to have done. This court will always be careful to provide if possible for those men who, while not strictly heads of families, yet have the natural and righteous care of dependent females.

You can take an order accordingly.